Hillsborough,
No. 5270.

## STATE *v.* JAMES E. COLCORD.

Argued November 4, 1964.
Decided November 30, 1964.

*William Maynard*, Attorney General, *George S. Pappagianis*, Deputy Attorney General and *Emile R. Bussiere*, commissioner to perform the duties of county attorney (*Mr. Pappagianis* orally), for the State.

*Leonard & Leonard* and *David M. Prolman* (*Mr. Prolman* orally), for the defendant.

WHEELER, J. RSA 159:3 provides: "POSSESSION BY ALIENS; FELONS. No unnaturalized foreign-born person, and no person who has been convicted of a felony against the person or property of another, shall own or have in his possession or under his control a pistol or revolver. . . . Whoever violates the provisions of this section shall be imprisoned not more than two years, and upon conviction the pistol or revolver shall be confiscated and destroyed."

By statute accessories after the fact may be tried and convicted either before or after the conviction of the principal and shall be punished in the same manner as the principal except in capital cases. RSA 590:2.

This court has long recognized the fact that the distinction between principals and accessories has little to commend it. *State* v. *Demos*, 81 N. H. 318. "It has been more than twenty-five years since it was emphasized in the *Demos* case, *supra*, that there is little logical foundation for the distinction between principal and accessory but now, as then, any improvement in line with modern criminal procedure requires legislative rather than judicial action." *State* v. *Lacoshus*, 96 N. H. 76, 80.

The defendant contends here that since the charge of being an accessory after the fact is a distinct offense from that of the principal he cannot be charged with violation of RSA 159:3.

It is elemental law that breaking and entering and larceny are offenses against the right of property or possessions of another. Here the defendant became an accessory after the fact by aiding the principal in transporting and disposing of the stolen goods. Sometime later the police found a rifle and revolver in a motor vehicle which the defendant was operating.

Despite the technical distinction between principal and accessory, we are of the opinion that the defendant's conviction of the offense of being an accessory after the fact to the crime of breaking, entering and larceny constituted a conviction "of a

felony against . . . property of another" within the meaning of RSA 159:3.

*Exception overruled.*

All concurred.